# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| John Hubbell<br>50 W. Southmor Rd., Apt. 26<br>Morris, IL 60450<br><br>    Plaintiff,<br><br>v.<br><br>Northeastern Financial, LLC d/b/a Check and Business Services<br>17 Main St.<br>Tonawanda, NY 14150<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around October 27, 2009, Defendant telephoned Plaintiff at Plaintiff's place of employment.

8. During this communication, Plaintiff notified Defendant that Plaintiff was represented by an attorney for bankruptcy, asked that Defendant no longer contact Plaintiff about the debt, provided Plaintiff's attorney's contact information, and then terminated the phone call.

9. Within fifteen minutes of this communication, Defendant telephoned Plaintiff at Plaintiff's place of employment a second time with the intent to harass Plaintiff.

10. During this communication, Defendant falsely represented that Defendant was associated with the sheriff's office and falsely represented that Plaintiff had just hung up on one of Defendant's "deputies".

11. During this communication, Defendant falsely represented that Plaintiff had committed fraud.

12. During this communication, Defendant falsely represented that Defendant would serve Plaintiff with a summons if Plaintiff did not make arrangements to satisfy the debt within two weeks.

13. On or around November 13, 2009, Defendant telephoned Plaintiff and left a voice message.

14. During this communication, Defendant falsely represented that Defendant was not a bill collector.

15. During this communication, Defendant falsely represented that Defendant would serve Plaintiff with a summons if Plaintiff did not return Defendant's telephone call by 3:00pm that day.

16. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c by communicating with Plaintiff in connection with the collection of the debt despite knowing that Plaintiff was represented by an attorney.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

26. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

27. Plaintiff prays for the following relief:

 a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

 b. For such other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,

        Legal Helpers, P.C.

        By: s/Timothy J. Sostrin
            Timothy J. Sostrin
            Bar ID # 6290807
            233 S. Wacker
            Sears Tower, Suite 5150
            Chicago, IL 60606
            Telephone: 866-339-1156
            Email: tjs@legalhelpers.com
            Attorneys for Plaintiff